[No. 18254.   Department One.—October 1, 1894.]

P. BEQUETTE, APPELLANT, *v.* WILLIAM PATTERSON, RESPONDENT.

PUBLIC HIGHWAYS—USE BY PUBLIC.—A way, originally intended for and used as a racetrack, which is connected at each end with public roads, and which has been uninterruptedly used by the public as a road for twelve or fourteen years, is a public highway.

ID.—OBSTRUCTION.—The owner of the fee in the land over which a public highway passes has no right to obstruct it.

ID.—HIGHWAYS OVER PUBLIC LAND.—The act of Congress of 1866 granted the right of way for highways over public lands not reserved for public uses, and a patent from the United States is taken subject to the easement of such highways.

ID.—REMOVAL OF OBSTRUCTION.—A person who is not the road overseer, but who acts by the direction of the board of supervisors, may lawfully remove an illegal obstruction from a public highway.

ID.—FINDING.—A finding that the road in question "now is, and was at all times mentioned in plaintiff's complaint, and for more than twenty years last past has been, a public road or highway, used and treated as such by the road officers of Placer county, and duly constructed as such in the manner required by law," is not a finding of a mere conclusion of law.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial.

The facts are stated in the opinion.

*Tuttle & Tuttle,* for Appellant.

*A. K. Robinson,* and *Wallace & Wallace,* for Respondent.

HAYNES, C.—Plaintiff, claiming to be the owner of certain land through which an alleged highway ran, closed up the road by fencing across it.

The defendant removed the fence, and plaintiff brought an action of trespass to recover damages laid at one hundred dollars, and for an injunction against threatened trespasses of a like character if plaintiff should again erect the fence.

The defendant answered, denying plaintiff's ownership of the land, alleging that he was road overseer of the district including this road, that the road in question was and is a public highway, that the fence was an obstruction and nuisance, and that he removed it under an order made by the board of supervisors, and denied that plaintiff had sustained damage. For a separate answer he alleged that plaintiff threatened to renew the obstruction, and prayed for an injunction.

The cause was tried by the court, and upon the findings judgment was entered for the defendant. The appeal is from the judgment and an order denying a new trial.

Appellant attacks the findings, and also specific numerous errors of law occurring upon the trial.

We think the evidence is sufficient to justify the find-

ing that the way in question is a public highway. That it was originally intended for and was used as a racetrack appears probable. It was not, however, a circular track, but was nearly straight, was adjacent to the town of Forest Hill, and connected at each end with public roads, and there is much evidence tending to show that for many years it had been used by teams, stages, and other travel. By one of the witnesses it was spoken of as a "back street." The way appears to have been known as the "racetrack" some thirty years ago, and, though travel over it has been at times interrupted, there seems to have been no interruption for the last twelve or fourteen years until the erection of the fence by the plaintiff, which was removed by the defendant. The court also found that the way had been legally and actually dedicated by Charles Harley before the plaintiff became the owner of the land. Whether this finding is sustained by the evidence it is not necessary to consider.

A dedication of the way, either express or implied, from long and uninterrupted use having been found, the finding that plaintiff is not the owner of the parcel of land over which the road passes becomes immaterial, for if it is a public highway the ownership of the land could give him no right to obstruct it; and for a like reason it is immaterial whether the county owns the fee of the land covered by the way, or only an easement; since in either case it has the right to an unobstructed way.

It seems to be contended that because the land over which the road lies was not patented by the United States until 1889, that the right to use the way could not have been acquired by the public until after that time.

The act of Congress of 1866 granted the right of way for highways over public lands not reserved for public uses, and a patent for the United States is taken, subject to the easement of such highway. (*McRose* v. *Bottyer*, 81 Cal. 122.) This land was patented to Harley in

1889, and plaintiff could not acquire from him a better title as against the road than Harley had under his patent.

Appellant further contends that the defendant was not the road overseer of that district at the date of the alleged trespass, and that the finding that he was is not justified by the evidence, because his official bond was not approved until the day after the trespass. He had, however, taken the oath of office, the sureties on his bond had qualified, and he testified that in removing the fence he acted as roadmaster, and did it by direction of the board of supervisors. He was at least an officer *de facto;* but if he was not, as the board of supervisors have charge of the roads, and the obstruction was illegal, the defendant might lawfully remove it by their direction.

The sixth finding is not obnoxious to the objection that it is a mere conclusion of law.

It finds that said road "now is, and was at all times mentioned in plaintiff's complaint, and for more than twenty years last past has been, a public road or highway, used and treated as such by the road officers of Placer county, and duly constructed as such in the manner required by law."

The findings as a whole are inartificially drawn, and include some matters not essential to the support of the judgment; but, so far as essential, they are sufficiently clear to be comprehended, and they support the judgment.

There are some exceptions to rulings upon evidence. That some immaterial evidence was admitted is reasonably clear, but we do not see that plaintiff was or could be prejudiced by the testimony so admitted; and the same may be said as to the exclusion of some evidence offered by the plaintiff. None of these rulings were upon a vital point in the case, nor of such character as would benefit the profession to discuss or decide.

We advise that the judgment and order appealed from be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.