[S. F. No. 3888.   Department One.—January 8, 1907.]

## THE PEOPLE, Respondent, v. J. S. McCUE and KITTIE G. McCUE, Appellants.

PUBLIC NUISANCE — OBSTRUCTION OF HIGHWAY — ABATEMENT — CIVIL ACTION BY PEOPLE—AUTHORITY OF DISTRICT ATTORNEY.—An unlawful obstruction of a public highway is a public nuisance, which the district attorney, under the act of March 15, 1899, has authority of his own motion to bring a civil action in the name of the people to abate, without any previous order of the board of supervisors directing him to do so.

ID.—CUMULATIVE REMEDIES.—The fact that other remedies may exist for the abatement of such public nuisances as obstructions of public highways cannot affect the power expressly conferred by law upon the district attorney.

ID.—OBSTRUCTION OF STREETS—PLEADING—FINDINGS—PROBATIVE AND ULTIMATE FACTS—SUPPORT OF JUDGMENT.—In an action to abate

obstructions to several streets, where, independently of probative facts alleged and found, it was unconditionally alleged and found as a fact that "each and all of such streets are public highways," that is an ultimate fact, and where the probative facts found are not necessarily inconsistent therewith, and no evidence appears in the records, the finding of that ultimate fact must prevail, and is sufficient to support a judgment for the people abating the obstructions.

ID.—CONSTRUCTION OF FINDINGS.—If findings of fact are reasonably susceptible of such a construction as will support the judgment, they must receive that construction rather than one which will not support it.

ID.—FAILURE TO FIND UPON AFFIRMATIVE DEFENSE—ABSENCE OF EVIDENCE.—The failure of the court to find upon an affirmative defense pleaded in the answer is immaterial where there is no evidence in the record, and it does not appear that any evidence was introduced in support of such defense.

APPEAL from a judgment of the Superior Court of Marin County. Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

H. V. Morehouse, J. E. Alexander, and M. C. Dufficy, for Appellants.

Thomas P. Boyd, District Attorney, for Respondent.

ANGELLOTTI, J.—This action was brought by the district attorney of Marin County in the name of the people of the state, to abate, as public nuisances, obstructions maintained by defendants in certain alleged public highways of said county. As to certain of said alleged public highways judgment was given in favor of plaintiff, declaring the same to be public highways, and the obstructions thereon maintained by defendants to be public nuisances, directing the removal of said obstructions by defendants, and enjoining defendants from maintaining on said highways any obstruction which would interfere with the right of the public to use the same as public highways. Defendants have appealed from this judgment on the judgment-roll alone.

By express provision of statute, anything which unlawfully obstructs the free passage or use, in the customary manner, of a public highway is a public nuisance. (Civ. Code, secs. 3479,

3480; Pen. Code, sec. 370. See, also, *Siskiyou Lumber etc. Co.* v. *Rostel*, 121 Cal. 511, 513, [53 Pac. 1118]; *Marini* v. *Graham*, 67 Cal. 130, [7 Pac. 442]; *Lewiston Turnpike Co.* v. *Shasta etc. Co.*, 41 Cal. 562, 564.)

Under the express provisions of the act of March 15, 1899, authorizing the district attorney of any county in which a public nuisance may exist to bring a civil action in the name of the people of the state to abate the same (Stats. 1899, p. 103), the district attorney was empowered to commence and maintain this action without any previous order of the board of supervisors directing him to so do. The act requires him to bring such an action when directed by the supervisors, and authorizes him to do so on his own motion and without any order to that effect whenever he deems such action proper. The fact that other remedies may exist for the abatement of such public nuisances as obstructions of public highways cannot affect the power in this regard conferred upon the district attorney by the act of March 15, 1899.

The main argument for reversal of the judgment is based upon the contention that the probative facts alleged in the complaint and found by the trial court do not show that the alleged public highways are in fact public highways, and in support of this contention learned counsel urge that such probative facts tending to show a dedication of such highways by defendant to the public and acceptance of the same, are not sufficient to establish a dedication and acceptance.

If we assume this to be true, we do not see how it can avail defendants on this appeal. Independently of the probative facts alleged, it was in terms unconditionally alleged in the complaint "that each and all of such streets are public highways." The trial court, in addition to finding certain probative facts, found as a fact in express terms and unconditionally "that each and all of said streets are public highways." This was undoubtedly a finding of the ultimate fact (*Bequette* v. *Patterson*, 104 Cal. 282, 285, [37 Pac. 917]). Defendants claim that this finding must be treated as a conclusion of law based upon the probative facts found, or as a mere general conclusion of fact from the specific facts previously found, but the record does not warrant us in so considering it. It is contained in the "Findings of Fact," as distinguished from the "Conclusions of Law," and therefore

does not fall within the rule declared in such cases as *Levins* v. *Rovegno,* 71 Cal. 273, [12 Pac. 161]; *Savings and Loan Soc.* v. *Burnett,* 106 Cal. 514, 538, [39 Pac. 922]; and *Niles* v. *City of Los Angeles,* 125 Cal. 572, 578, [58 Pac. 190], where it was sought to treat a purported conclusion of law as a misplaced finding of fact. In those cases it was plain on the face of the record that the alleged finding was merely what it purported to be,—viz. a conclusion drawn by the court from the facts previously found. Nor is there anything on the face of the finding under discussion to indicate that it was simply a conclusion from the probative facts previously found, and herein this case differs from such cases as *People* v. *Reed,* 81 Cal. 70, 76, [15 Am. St. Rep. 22, 22 Pac. 474], and *Geer* v. *Sibley,* 83 Cal. 1, [23 Pac. 220]. In *People* v. *Reed* the finding was "that by the acts, facts and matters above found and recited, said premises above referred to" were dedicated, etc., and it was held that this must be considered as a mere conclusion, the court saying: "This finding is based upon the other facts found. It recites in terms that *'By the acts, facts and matters above found, said premises were by said parties dedicated.'* It may be that if this finding had stood alone, and had not been put in this argumentative form, it might have been upheld as a sufficient finding of an ultimate fact. But this cannot be so where the facts are fully found, and the general finding of a dedication is expressly drawn as a conclusion from such facts. Counsel say it does not appear that the court found all of the facts proved. But it does appear from the finding itself that it was based entirely upon the facts found, and not, in whole or in part, on facts proved but not found. Therefore, if the specific facts found do not support this one, which is a summing up of the others, the judgment should be reversed." The situation was practically the same in *Geer* v. *Sibley,* 83 Cal. 1, [23 Pac. 220]. In the case at bar, as we have seen, the finding did not purport to be drawn as a conclusion from anything previously found, and was in no way argumentative in form, and it is only by indulging in surmise or conjecture that we could hold it to have been so drawn. This we are not permitted to do for the purpose of disturbing the judgment of the trial court. It is elementary that if findings of fact are reasonably susceptible of such a construction as will support

a judgment, they must receive that construction rather than one that will not so support it. Nor is there anything in the findings of probative facts that is at all necessarily inconsistent with the finding under discussion. All of those probative facts may be true and the finding under discussion also be true.

It is well settled in this state that a clear, specific finding of the ultimate fact must prevail over findings of probative facts, where there is no necessary conflict between the probative facts found and the finding of the ultimate fact. Thus, in *Smith* v. *Acker,* 52 Cal. 217, it was claimed, upon an appeal on the judgment-roll alone, that in view of probative facts found, the finding as to ownership of land could not be sustained. After stating that the transcript did not show clearly that the numerous probative facts found were all the probative facts shown by the evidence, the court said: ''It has been held that where facts are found from which the existence of the ultimate fact must be conclusively inferred, the finding is sufficient as a finding of the ultimate fact. But when the ultimate fact *is found,* no finding of probative facts, which may tend to establish that the ultimate fact was found against the evidence, can overcome the principal finding.'' The same ruling was made in *Frazier* v. *Crowell,* 52 Cal. 399, 402, where there was no necessary conflict between the finding of ultimate fact and the findings of probative facts. The same rule was declared in *Gill* v. *Driver,* 90 Cal. 72, [27 Pac. 64], where it was assumed that the probative facts found were insufficient to support the judgment, the court saying: ''Ultimate facts were found which do support the judgment; and they are not questioned, nor could they be, without bringing up the evidence in a statement or bill of exceptions.'' The same rule has been adhered to in several later cases. (See *Perry* v. *Quackenbush,* 105 Cal. 299, 305, [38 Pac. 740]; *Rankin* v. *Newman,* 107 Cal. 602, 608, [40 Pac. 1024]; *Com. Bank* v. *Redfield,* 122 Cal. 405, 408, [55 Pac. 160]; *Brown* v. *Mutual Reserve etc. Assn.,* 137 Cal. 278, [70 Pac. 187].) It is only where the probative facts found are necessarily in conflict with the ultimate fact found, that the findings of probative facts can prevail over a clear and express finding of ultimate fact. (See *Howeth* v. *Sullenger,* 113 Cal. 547, 551, [45 Pac. 841].)

It is therefore clear that the finding under discussion must be treated as a finding of the ultimate fact of public highway, and must be held to be sufficient on that point regardless of the question as to the sufficiency of the probative facts found. It follows that the findings sufficiently support the judgment. In the absence of a bill of exceptions or statement showing the evidence, the question as to the sufficiency of the evidence to sustain the finding cannot of course be considered.

Complaint is made that the trial court failed to find upon certain affirmative allegations made in the answer, such as that the alleged streets were never accepted or used by the public, that the board of supervisors had refused to accept the same, and that the board of supervisors had abandoned the same as public highways. If it be conceded that any of these matters are not sufficiently embraced in the finding of public highway already discussed, it does not appear that any evidence was introduced in support of such allegations. It is well settled that a failure to find upon some issue made by the answer, a finding upon which would merely have the effect of invalidating a judgment fully supported by the findings made, will not be held ground for reversal, unless it is shown by statement or bill of exceptions that evidence was submitted in relation to such issue. (See *Roberts* v. *Hall,* 147 Cal. 434, 439, [82 Pac. 66]; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504]; *Himmelman* v. *Henry,* 84 Cal. 104, [23 Pac. 1098]; *Marchant* v. *Hayes,* 117 Cal. 669, 672, [49 Pac. 840]; *Bliss* v. *Sneath,* 119 Cal. 526, 529, [51 Pac. 848]; *Rogers* v. *Duff,* 97 Cal. 63, 69, [31 Pac. 836].)

The judgment is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.