[S. F. No. 4674.   Department One.—April 29, 1908.]

## FRANK COREA, Respondent, v. BERNARDO HIGUERA et al., Appellants.

WAY OF NECESSITY—ELEMENTS ESSENTIAL TO EXISTENCE OF RIGHT.— A right of way of necessity does not exist except in cases of strict necessity. That a way over the grantee's land is too steep, or too narrow, or that other and like difficulties exist, does not alter the case, and it is only when there is no way through his own land that a grantee can claim a right over that of his grantor. It must also appear that the grantee has no other way.

ID.—RIGHT OF WAY PASSES WITH LAND.—A right of way which is appurtenant to land passes with the transfer of the land.

ID.—PLEADING—FINDINGS—EXISTENCE AND OWNERSHIP OF RIGHT OF WAY.—An allegation in a complaint to establish the plaintiff's title to a designated right of way, to the effect that he is the owner of such right of way over the defendants' land, and that such easement is appurtenant to his land, is a sufficient averment of the ultimate fact of the existence of the right of way and of his ownership, and findings in accordance therewith are sufficient to support a judgment in favor of the plaintiff declaring him to be the owner of the right of way, and enjoining its obstruction.

ID.—APPEAL FROM JUDGMENT—FINDINGS OF ULTIMATE AND PROBATIVE FACTS.—Upon an appeal on the judgment-roll alone, a judgment based upon allegations and findings of sufficient ultimate facts cannot be successfully assailed merely because the complaint and the findings contain in addition a showing of probative facts which, taken alone, might not support the judgment.

ID.—ULTIMATE WHEN CONTROLLED BY PROBATIVE FACTS.—Findings of probative facts can be used to overcome an express finding of the ultimate fact only where the probative facts found are inconsistent with the ultimate fact found, or where it appears that the trial court made the alleged finding of ultimate fact simply as a conclusion from the particular facts found.

PLEADINGS—COMPLAINT—STATUTE OF LIMITATIONS.—A demurrer to a complaint, on the ground that the plaintiff's cause of action is barred by the statute of limitations is not good unless the complaint affirmatively shows that the statutory period has run since the accrual of the cause of action.

ID.—DATE OF OBSTRUCITON OF WAY.—In an action to establish the plaintiff's title to a right of way and to enjoin its obstruction by the defendant, a demurrer to the complaint on the ground that the cause of action is barred by the statute of limitations should not be sustained, where the complaint fails to show when the defendants first obstructed the road or interfered with plaintiff's use of it.

ID.—EXTINGUISHMENT OF RIGHT OF WAY.—If plaintiff's right of way was extinguished by disuse, and such extinguishment did not appear on the face of the complaint, the fact, if it existed, was matter of defense to be set up in the answer and proved by the defendant.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Charles Clark, for Appellants.

W. H. Johnson, for Respondent.

SLOSS, J.—The complaint in this action alleges that on November 2, 1894, the defendant Bernardo Higuera was the owner of lot 7 of the Higuera Rancho. On that day the defendants conveyed a portion of said lot to John Freitas, one of the boundaries of the tract conveyed being described as the center of the Higuera Ranch road, a road connecting with the county road. Thereafter Freitas died, and in 1897 the executors of his will, pursuant to a probate sale duly authorized and confirmed by the superior court, conveyed the land so acquired by their testator to the plaintiff, who has ever since been the owner and in possession thereof. At all the times mentioned there had been a road, leading from the land conveyed to Freitas, across the remaining portion of lot 7, to the Higuera Ranch road. The road which thus traversed lot 7 was used by defendants prior to their conveyance to Freitas, and at the time of the latter's purchase, was open, laid out, and used, as a means of ingress and egress to and from the land conveyed, ''and was the only road so laid out and open by which said place could be reached by team; and . . . the said road was and had been appurtenant to said lands.'' The defendants claim to be the exclusive owners of said road and have obstructed it. It is alleged that plaintiff is the owner of and entitled to said right of way.

A demurrer to the complaint having been overruled, the defendants answered, denying the allegations of the complaint regarding the existence of the road in question; denying that said alleged road was open, laid out, or used, at the time of Freitas' purchase, or that of plaintiff, or that it was the only

road by which said place could be reached by team. The answer denies, further, that the road was or is appurtenant to the land of plaintiff, or that plaintiff is the owner of any right of way over defendants' lands. By way of affirmative defense it is alleged that the land conveyed to Freitas and subsequently to plaintiff was at all times bounded on one side by the main Higuera Ranch road, by which the plaintiff and his predecessors had access to and from his lands to the county roads. There is a further averment that any use which plaintiff or Freitas may have made of the road over defendants' lands was solely by the permission of the defendants.

The court finds that at the times of the conveyances to Freitas and to plaintiff, there had been and was, leading from the land so conveyed, across the remaining portion of lot 7, a road used by the defendants prior to their conveyance, with the lands conveyed to Freitas. This road is found to have been open, laid out, and used, as a means of ingress or egress to said lands, and was the only road so laid out and open by which said lands could be reached by team. Said road was, at the time of Freitas's purchase, appurtenant to said lands and passed with the same. It was appurtenant to said lands at the time plaintiff purchased, and passed to him as appurtenant thereto. There is a finding that plaintiff "is the owner of and entitled to said right of way over the lands of defendants to the county road, to pass and repass on foot and with team." The court further finds that the lands of plaintiff are bounded on one side by the Higuera Ranch road, which was and is an open traveled road leading to the county road. Said Higuera Ranch road was not, prior to the commencement of this action, used by plaintiff, and plaintiff "has not easy access to said Higuera Ranch road, for any purpose to and from his own lands or at all." It is found "that plaintiff is entitled to the said right of way, as appurtenant, over the lands of defendants," and there is a finding against the allegation of the answer that the use of said way by plaintiff and his predecessors was by the permission of defendants.

Upon these findings the court entered a judgment declaring the plaintiff to be the owner of the roadway described in the complaint and enjoining the defendants from obstructing said road or interfering with plaintiff's use thereof.

The defendants appeal from the judgment. The evidence is not before us, the appeal being taken on the judgment-roll alone.

The principal point urged is that neither the complaint nor the findings state a case entitling the plaintiff to relief. Assuming that the plaintiff claims a "way of necessity," the appellants argue that the facts alleged and found do not authorize the assertion of such right. This conclusion is undoubtedly sound. The complaint shows—as do the findings —that the land conveyed to plaintiff's predecessor was at all times bounded on one side by the Higuera Ranch road, which connected with the county roads. This circumstance alone is fatal to the existence of a way of necessity. The facts that there was no constructed track for teams, connecting plaintiff's land with the Higuera Ranch road, as may be inferred from the complaint, or that, as the court finds, plaintiff had not "easy access" to that road, would not entitle him to assert a right of way by necessity. "The right of way from necessity must be in fact what the term naturally imports, and cannot exist except in cases of strict necessity. . . . That the way over his land is too steep, or too narrow, or that other and like difficulties exist, does not alter the case, and it is only when there is no way through his own land that a grantee can claim a right over that of his grantor. It must also appear that the grantee has no other way." (*Krupp* v. *Curtiss,* 71 Cal. 62, [11 Pac. 879].)

But, as is pointed out by respondent, his right does not rest upon the claim of a way of necessity. The complaint alleges, and the court finds, that the right of way here in dispute was, at the time of the conveyance to Freitas, appurtenant to the land conveyed. It is also alleged and found that the plaintiff is the owner of said right of way, which is specifically described. If the right of way was appurtenant to the land, it passed with the transfer of that land. (Civ. Code, sec. 1104.) What is an appurtenance is defined by section 662 of the Civil Code. The findings that the plaintiff was the owner of the way in question and that it did constitute such appurtenance are findings of fact and such findings, in the absence of a claim that they are not supported by the evidence, necessarily lead to the conclusion that plaintiff was entitled to judgment. An easement is real property, and an allegation that

plaintiff is the owner of specific real property, has always, in this state, been regarded as an averment of an ultimate fact, not of a conclusion of law. (*Payne* v. *Treadwell,* 16 Cal. 220; *Haight* v. *Green,* 19 Cal. 117; *Garwood* v. *Hastings,* 38 Cal. 218; *Johnson* v. *Vance,* 86 Cal. 130, [24 Pac. 863]; *Haggin* v. *Kelly,* 136 Cal. 483, [69 Pac. 140].)   An averment that a certain road or street is a public highway is a statement of a fact (*Bequette* v. *Patterson,* 104 Cal. 282, [37 Pac. 917]; *People* v. *McCue,* 150 Cal. 195, [88 Pac. 899], and we see no reason why an allegation that the plaintiff is the owner of a described right of way or other easement over defendant's land, and that such easement is appurtenant to plaintiff's land, should not be regarded as a sufficient statement of the ultimate facts to be established.   Such allegations have been held to be sufficient in other jurisdictions (*Whaley* v. *Stevens,* 27 S. C. 549, [4 S. E. 145]; *Hall* v. *Hedrick,* 125 Ind. 326, [25 N. E. 350]; and we are cited to no authority in support of the contention that they set forth merely conclusions of law.

The appellants argue, however, that the specific facts alleged and found are insufficient to show the existence of a right of way appurtenant to the land conveyed.   But, if we assume this to be true, the appellants would not be helped.   The facts stated regarding the use of the way prior to the conveyance to Freitas are merely probative facts, and if not inconsistent with the findings of ultimate facts, cannot affect those findings.   This subject was fully considered by this court in *People* v. *McCue,* 150 Cal. 195, [88 Pac. 899].   Upon a careful review of the authorities, it was there declared that upon an appeal on the judgment-roll alone, a judgment based upon allegations and findings of sufficient ultimate facts cannot be successfully assailed merely because the complaint and the findings contain in addition a showing of probative facts which, taken alone, might not support the judgment.   The findings of probative facts can be used to overcome an express finding of the ultimate fact only where the probative facts found are inconsistent with the ultimate fact found, or where it appears that the trial court made the alleged finding of ultimate fact simply as a conclusion from the particular facts found.   These conditions do not exist here.   The averments and findings regarding the use of the road prior to the conveyance to Freitas, if they are not sufficient to establish the existence of

a right of way as appurtenant, are in no way inconsistent with such right. Nor is there anything on the face of the findings to show that the court treated the finding that the right of way was appurtenant or the further finding that plaintiff was the owner of such way as mere conclusions following from other facts found. The findings of these ultimate facts are separate and independent.

Appellants urge that plaintiff's cause of action is barred by the statute of limitations, and that their demurrer, which specified this ground, should have been sustained. A demurrer on this ground is not good unless the complaint affirmatively shows that the statutory period has run since the accrual of the cause of action (*Wise* v. *Hogan,* 77 Cal. 184, [19 Pac. 278] ; *Williams* v. *Bergin,* 116 Cal. 56, [47 Pac. 877]). The complaint here does not show when the defendants first obstructed the road or interfered with plaintiff's use of it. If, as is suggested by appellants, plaintiff's right was extinguished by disuse (Civ. Code, sec. 811) such extinguishment did not appear on the face of the complaint, and, if it existed, was matter of defense to be averred and proved by the defendants.

There are no other points requiring notice.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.