[Sac. No. 1479.   In Bank.—March 25, 1909.]

## WILLIAM LEVERONE, Respondent, v. RACHAEL S. WEAKLEY, as Executrix of the Will of Wilson Weakley, Deceased, Appellant.

PUBLIC HIGHWAY—PLEADING ULTIMATE FACT—MANNER OF ESTABLISHMENT.—It is not essential to the statement of a cause of action based on the theory of a public highway that the manner in which the land became a public highway should be alleged. An allegation that certain described land was, and had been for many years, a public highway, is a sufficient allegation of the ultimate fact of public highway.

ID.—UNCERTAINTY—ESTABLISHMENT BY LEGAL AUTHORITY.—A complaint simply alleging a public highway is not subject to demurrer for uncertainty because it fails to show whether the same was "laid out, described or opened by" any legally constituted authority.

ID.—DESCRIPTION OF HIGHWAY—CERTAINTY OF DESCRIPTION IN COMPLAINT AND JUDGMENT.—Where it is sought to have it decreed that real property of a person is subject to a use or easement in favor of another, as a public highway or a private right of way, the property affected must be described in the complaint with such certainty as to enable the party against whom the claim is made to definitely know exactly what portion of his property is so claimed, and the judgment establishing the validity of the claim must be definite and certain as to the property affected.

ID.—INSUFFICIENT DESCRIPTION IN COMPLAINT.—In an action to establish a public highway, in which the complaint alleged that the plaintiff owned the S. W. ¼ of the S. E. ¼ of sec. 20, T. 10 S, R. 20 E., Mt. D. B. & M., a description of the alleged highway merely as "a strip of land forty-five feet wide traversing the southerly section line of section 20," T. 10 R., 20 E. Mt. D. B. & M., "in the southwest quarter of the southeast quarter of said section, and running thence southerly a distance of about three eighths of a mile across the northeast quarter of section twenty-nine in said township and range," to a certain road, is insufficient.

ID.—INSUFFICIENT DESCRIPTION IN JUDGMENT.—In such action, a judgment describing the land decreed to be a public highway as "a strip of land sufficient in width for the convenient travel and use of the public, with teams, wagons, and agricultural implements, traversing the southerly line of section 20 . . . in the southwest quarter of the southeast quarter of said section, and running thence southerly, in practically a straight line, a distance of about three eighths of a mile across the northeast quarter of section twenty-nine in said township and range, and which said road joins and intersects with the highway known as the Hildreth road," is insufficient.

ID.—FINDING OF PROBATIVE FACTS OF PUBLIC USER—DEDICATION.—In an action to establish a public highway, in which the complaint alleges the ultimate fact of public highway, a finding of specific probative facts sufficient to establish a public highway by such a user as conclusively implies a dedication, is not outside of the issues.

ID.—PRESUMPTION OF CONSENT AND DEDICATION—KNOWLEDGE AND ACQUIESCENCE.—A finding showing a continuous adverse use of the highway by the public for a period of more than fifteen years immediately preceding the erection of the particular obstruction complained of, establishes against the owner the conclusive presumption of consent, and so of dedication, and affords the conclusive and indisputable presumption of knowledge and acquiescence, while at the same time it negatives the idea of a mere license.

ID.—LICENSE AND PERMISSION.—A further finding that such use "was without the license or permission" of the owner of the land, merely negatives the idea of license or permission, the presence of which would prevent the acquirement of the right by the public.

ID.—PLAINTIFF SUFFERING SPECIAL DAMAGE—OBSTRUCTION OF HIGHWAY.—One who suffers special injury in the matter of the comfortable use and enjoyment of his property may maintain an action to enjoin a public nuisance, consisting of the obstruction of a public highway, and to recover the damages caused him thereby.

ID.—DAMAGES FOR OBSTRUCTION—ESTATE OF DECEASED PERSON—CLAIM NEED NOT BE PRESENTED AGAINST ESTATE.—A claim for damages against the estate of a deceased person, for special injury caused by the obstruction of a public highway maintained by the deceased up to the time of his death, does not arise upon contract, and need not be presented to his personal representative prior to the bringing of suit thereon.

ID.—FINDINGS—RIGHTS OF PLAINTIFF AS ABUTTING OWNER.—In an action to establish a public highway, to enjoin the maintenance of an obstruction thereon, and to recover damages for special injuries caused to the plaintiff by the obstruction, a finding to the effect that the land in question was a public highway for the use of the public, is not inconsistent with another finding to the effect that the plaintiff, as owner of property to which said way extended, was entitled to such private rights therein as belong to the owner of a lot abutting on a public street or highway.

APPEAL from a judgment of the Superior Court of Madera County.  W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Robert L. Hargrove, for Appellant.

Raleigh E. Rhodes, and George W. Mordecai, Jr., for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant on the judgment-roll from a judgment decreeing that a road traversing the land of defendant's testator for about three eighths of a mile, running from plaintiff's land on the north to a public highway known as Hildreth road on the south, is a public highway, and that plaintiff also has a private right of way thereover, and enjoining defendant from maintaining any fence or other obstruction thereon, and awarding plaintiff two hundred and eighty dollars damages caused by an obstruction maintained thereon by defendant's testator, and by her after his death.

The complaint contained two counts, the first being based on the theory that the road was a public highway, and that a fence maintained by defendant's testator and herself acros.; the same constituted a public nuisance causing special injury to plaintiff, and the second being based on the theory that the road is a private road over which plaintiff, prior to the construction and maintenance of said fence, had acquired by adverse use a right of way from the Hildreth road to his lands.

Defendant demurred to each count on the general ground of want of facts, and the further ground of uncertainty, in that it cannot be ascertained whether the alleged highway was duly laid out, described or opened by the board of supervisors, or any other legally constituted authority, and also in that said alleged highway is not sufficiently described in the complaint The demurrer was overruled, and this ruling is here alleged to have been erroneous.

The complaint sufficiently stated a cause of action in each count, good as against the general demurrer for want of facts. It is not essential to the statement of a cause of action based on the theory of a public highway that the manner in which the land became a public highway should be alleged. What was in effect an allegation that the land attempted to be described in the complaint was, and had been for many years, a public highway, was an allegation of the ultimate fact of public highway, just as an allegation that one is the owner of land is treated as an allegation of fact in certain cases, beyond which it was not necessary to go. (*People* v. *McCue,* 150 Cal. 195, 197, [88 Pac. 899]. See, also, *Bequette* v. *Patterson,* 104 Cal. 282, 285, [37 Pac. 917].) While it was inci-

dentally said in *Schwerdtle* v. *County of Placer*, 108 Cal. 589, [41 Pac. 448], that such an allegation is a conclusion of law, it was nevertheless held sufficient to make an issue after judgment on the merits, for the judgment in favor of the county was sustained on the ground that the facts found showed a public highway. Nor do we think that the complaint alleging simply a public highway is subject to demurrer for uncertainty because it fails to show whether the same was "laid out, described or opened by" any legally constituted authority.

We are of the opinion that the complaint was uncertain in the matter of the description of the alleged highway, and that the demurrer on that ground should have been sustained. Plaintiff sought by this action not only the abatement of a particular alleged obstruction erected by defendant's testator and compensation for injury caused thereby, but also a decree establishing between the parties the fact that certain of defendant's property, consisting of a strip of land three eighths of a mile long, was subject to plaintiff's use as a public highway or as a private right of way, and enjoining defendant from maintaining any obstruction on any part thereof. The decree grants this relief as to the whole strip of land. It goes without saying that where it is sought to have it decreed that real property of a person is subject to a use or easement in favor of another, the property affected must be described in the pleadings with such certainty as to enable the party against whom the claim is made to definitely know exactly what portion of his property is so claimed, and the judgment establishing the validity of the claim must be definite and certain as to the property affected.

It appears in the complaint that the plaintiff owned the S. W. ¼ of the S. E. ¼ of sec. 20, T. 10 S., R. 20 E., Mt. D. B. & M., and that the alleged road or highway ran southerly therefrom through a portion of section 29, owned by defendant's testator, to the Hildreth road. The only description thereof in the first count of the complaint was as follows: "A strip of land forty-five feet wide traversing the southerly section line of section twenty," T. 10 R., 20 E. Mt. D. B. & M., "in the southwest quarter of the southeast quarter of said section, and running thence southerly a distance of about three eighths of a mile across the northeast quarter of section twenty-nine in said township and range," to what is

known as the Hildreth road. The description in the second count is practically the same. There is nothing in this to enable one to definitely locate on the ground the particular strip claimed to constitute the alleged road or highway. It entirely fails to locate the point of commencement, other than to place it on the southerly line of the southwest quarter of the southeast quarter of section 20, a line one quarter of a mile long. There is nothing to indicate that the way is so marked on the ground that the description given will identify it. If it could be held that the description was of a road actually marked out and constructed on the lands of defendant's testator, it might be definite enough, but such is not the effect of the language used.

When we come to the judgment, we find the land of defendant's testator which is adjudged a public highway, and on which defendant is enjoined from maintaining any obstruction, described as follows: "A strip of land sufficient in width for the convenient travel and use of the public, with teams, wagons, and agricultural implements, traversing the southerly line of section 20 . . . in the southwest quarter of the southeast quarter of said section, and running thence southerly, in practically a straight line, a distance of about three eighths of a mile across the northeast quarter of section twenty-nine in said township and range, and which said road joins and intersects with the highway known as the Hildreth road." This is manifestly insufficient as a description in such a judgment.

As was said by the district court of appeal in deciding this case: "This strip of land or road should be definitely described at least so that with the description in hand it could be readily located and could not be shifted at the will of the public. Its northern initial point should be fixed and the course of the road from its initial point over defendant's land made definite, and the point established at which it intersects the so-called Hildreth road. The width of the road should be made clear. It is not sufficiently definite to describe it as 'sufficient in width for the convenient travel and use by the public with teams, wagons and agricultural implements.' "

We find no sufficient answer in the briefs of plaintiff's counsel to these objections. As we have already said, the action is not one simply to abate and enjoin some particular obstruction, but the complaint sought and the court awarded

a decree establishing plaintiff's right to use land of defendant's testator for highway purposes, and enjoining any obstruction of plaintiff's rights in that regard. It is no answer to these objections to say that where the right of the public or the plaintiff is acquired by user, the boundaries of the road are generally ascertained by reference to the user. That is a rule applicable in determining the boundaries, which, however, must be definitely located by a judgment of the character of the one before us. We find nothing in the findings of the · court warranting us in assuming that there was a road so marked on the ground that the description given would identify it. The alleged agreement set forth in the answer, claimed to constitute an estoppel on defendant to urge uncertainty of description, does not show an acknowledgment by defendant's testator of any existing private way that could coincide with the road or highway here adjudged, for the private way there referred to was described as one "commencing on the south section line of section 20 . . . *in the S. E. corner thereof*," i. e., the southeast corner of section 20, while the highway adjudged in this action is one commencing on the southerly line of the *southwest quarter of the southeast quarter of section 20*.

For the purposes of a new trial it is proper to notice some of the other objections of defendant.

The findings on the first count are not without the issues. The complaint alleged, as we have seen, the ultimate fact of public highway. The court found the specific probative facts sufficient to establish a public highway by such a user as is held to conclusively imply a dedication. (*Schwerdtle* v. *County of Placer*, 108 Cal. 589, [41 Pac. 448]; *Hartley* v. *Vermillion*, 141 Cal. 339, 348, 349, [74 Pac. 987].) Such findings of probative facts were within the general issue of public highway. These findings showed a continuous adverse use of the highway by the public for a period of more than fifteen years immediately preceding the erection of the particular obstruction complained of. The rule applicable was declared in *Schwerdtle* v. *County of Placer*, 108 Cal. 589, [41 Pac. 448], where the matter is most exhaustively discussed as follows: "But where the claim of the public rests upon long continued adverse use, that use establishes against the owner the conclusive presumption of consent, and so of dedication. It

affords the conclusive and indisputable presumption of knowledge and acquiescence, while at the same time it negatives the idea of a mere license"; and in *Hartley* v. *Vermillion,* 141 Cal. 339, [74 Pac. 987], as follows: "When, as in this case, the public, or such portion of the public as had occasion to use the road, traveled over the same, with full knowledge of the landowner interested, without asking or receiving any permission and without objection from any one, for a period of time beyond that required by law to bar a right of action, a right in the public to the use of the road arises by prescription or implied dedication." This view is not opposed to anything contained in section 2621 of the Political Code. The finding that such use "was made without the license or permission of defendant's testator," etc., is not in conflict with this theory. This finding but negatives the idea of license or permission, the presence of which would prevent the acquirement of the right by the public under the rule discussed.

Regarding the road as a public highway, and the obstruction therein therefore a public nuisance, we think that the complaint sufficiently alleged facts showing such special injury to plaintiff in the matter of comfortable use and enjoyment of his property as authorized the maintenance by him of an action for relief therefrom, including the recovery of damage caused thereby. (See *Cushing-Wetmore Co.* v. *Gray,* 152 Cal. 118, 121, [125 Am. St. Rep. 47, 92 Pac. 70].)

Upon the facts found, the estate of the deceased was liable for such special injury as was caused plaintiff by the obstruction up to the time of the death of defendant's testator. His death occurred very shortly before the commencement of this action, and the question whether the estate is liable for such damage as was caused after his death by the further maintenance of the obstruction by defendant does not appear to be of importance on this appeal, and is not discussed at length by counsel. We express no opinion thereon. This claim for damages, not being one arising upon a contract, was not required to be presented to the executrix prior to the bringing of suit. (*Hardin* v. *Sinclaire,* 115 Cal. 460, 463, [47 Pac. 363]; Code Civ. Proc., sec. 1493.) There is nothing necessarily inconsistent in the two findings dealing respectively with the use of this way by the public and this plaintiff, and as we understand the judgment in so far as plaintiff's right to a

private way is concerned, it does no more than to declare him entitled, as owner of property to which said way extends, to such private rights therein as are said by our decisions to belong to the owner of a lot abutting on a public street or highway.  (See *Cushing-Wetmore Co.* v. *Gray,* 152 Cal. 122, [125 Am. St. Rep. 47, 92 Pac. 70], and cases there cited.)

It does not appear necessary for the purposes of further proceedings to discuss any of the other points made.

The judgment is reversed and the cause remanded, with leave to the plaintiff to serve and file an amended complaint within such time as may be prescribed by the trial court.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.