## O. E. FLATEN vs. MOORHEAD CITY et al.

Argued July 18, 1894. Affirmed July 20, 1894.

No. 8842.

**Railroad company may release an unused easement in land.**

    A railroad company may, when it is no longer needed for its use, release its easements for right of way to the owner of the land.

**A deed of the land operates as such release.**

    A deed of the land, without reservation, to the owner of an estate in the land, will operate as such release.

Appeal by defendants, the City of Moorhead and John Lamb and P. H. Lamb, from a judgment of the District Court of Clay County, *L. L. Baxter,* J., entered February 8, 1894, enjoining the city and its contractors the other appellants from erecting the city prison upon the public park.

On September 2, 1878, the Lake Superior and Puget Sound Company, a New York Corporation, in consideration of one dollar, conveyed to the then Village of Moorhead, its successors and assigns, with covenant of warranty, a piece of land situated near the center of the village. Immediately following the description of the premises conveyed, were these words: "Said tract of land hereby conveyed to be forever held and used as a public park." Otherwise the deed was an ordinary warranty deed. The village accepted the

grant. The City of Moorhead has succeeded the village. The plaintiff is a resident and freeholder of the city and owns property fronting on this park.

By this action he sought to restrain the city and its contractors from erecting the city prison on the land. He applied for a temporary injunction to restrain its erection pending the action, but was refused. On appeal to this court the order of refusal was reversed. *Flaten* v. *City of Moorhead,* 51 Minn. 518. The defendants by answer alleged that on July 2, 1864, the northwest quarter of section eight (8), T. 139, R. 48, in Clay County, on a part of which they seek to build the prison, belonged to the United States and was a part of the public domain and on that day Congress granted to the Northern Pacific Railroad Company a right of way from east to west across the same four hundred feet wide. (13 U. S. Stat. ch. 217, p. 365;) that the railroad was actually located and built across the land, that a homesteader in 1872 acquired the title to the entire quarter section subject to this railroad easement and conveyed it to the Lake Superior and Puget Sound Company. That the spot where defendants proposed to build the prison was upon said strip and north of and within sixty two feet of the railroad track running along the center of the strip. The answer also stated that the Northern Pacific Railroad Company on January 17, 1890, deeded to the Lake Superior and Puget Sound Company the part if its said right of way north of its track and embraced in the public park, but claimed that it had no power to thus alienate its right of way privilege, that railroads are a species of highway and the public have an interest that the railroad company could not convey or extinguish. On the trial the court overruled this contention and ordered judgment for plaintiff restraining defendants, their agents and servants, from erecting the city prison upon the park. Judgment was entered accordingly and defendants appeal.

*L. von Bornstedt,* for appellants.

*George E. Perley, W. B. Douglas,* and *Peterson & Torgerson,* for respondent.

GILFILLAN, C. J. When this case was here before, we held that an absolute title in fee did not pass by the deed of September 2, 1878, of the Lake Superior & Puget Sound Company to the city. We

did not assume to determine, nor was it necessary, the precise nature of the estate passed,—whether a mere easement, or an estate on condition or in trust. The purpose and effect of this decision were that the grant was for a public park, and that the city could not divert this land from that purpose. 51 Minn. 518. (53 N. W. 807.) We have referred to this decision only to show that there remained in the Lake Superior & Puget Sound Company sufficient interest to take and sustain a release.

In 1876 that company, as admitted by the answer, was then owner of the land, subject to an easement for right of way in the Northern Pacific Railroad Company. In 1890 the latter company executed to the former a deed of the land in question, and other lands. That deed could not operate to pass to the grantee the title to the land in question, because the grantor did not have the title; but it could operate, and did operate, as a release of the easement, and that extinguished it, and freed the land in question from it.

There can be no question that a railroad corporation, having an easement for right of way, when no longer needed for its purposes, can release the same to the owner of the land.

This disposes of the only point raised in the appellants' brief.

Judgment affirmed.

BUCK, J., did not sit.

(Opinion published 59 N. W. 1044.)