[L. A. No. 916.  In Bank.—January 17, 1903.]

## SOUTHERN CALIFORNIA RAILWAY COMPANY, Appellant, v. J. S. SLAUSON, Respondent.

RAILROAD—ENTRY WITH CONSENT OF OWNER—BREACH OF AGREEMENT FOR DEPOT—QUIETING TITLE.—An owner of land, who verbally permits a railroad company to enter thereon and construct and operate its railroad, in consideration of its verbal promise to erect a depot thereon, at which all regular passenger-trains would stop, cannot, after the default of the company in erecting such depot and stopping its trains as agreed, maintain an action to quiet his title to the land. His remedy in such case is an action for the value of the land taken, and damages, if any, arising therefrom.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

C. N. Sterry, and Henry J. Stevens, for Appellant.

Charles Silent, for Respondent.

VAN DYKE, J.—This is an action to quiet title. It is averred in the first count of the complaint that plaintiff is the owner and in possession of a certain strip of land in the county of Los Angeles, between thirty and forty feet wide and about thirteen hundred feet in length, and that defendant claims some title or interest therein which is without right; in the second count it is averred that for more than five years plaintiff and its predecessor in interest have been in the exclusive possession of a right of way over said land for the use and purpose of operating a railroad over the same, claiming to be the owner of said right of way adversely to any right, title, etc., of defendant; and the prayer is, that plaintiff's title to such right of way be quieted as against the defendant.

In addition to answering the complaint, the respondent filed a cross-complaint, in which he set up his ownership, and

prayed for judgment declaring him to be the owner in fee of the land in contest, and restoring him to the possession thereof. The title relied upon by appellant was based on prescription. The evidence shows that during all the times mentioned in the complaint the respondent was the owner in fee of a tract of land which included the premises in contest. It also appears that when the predecessor of appellant, the Los Angeles and Santa Monica Railway Company, contemplated building a road across the land in question, the person whom it authorized to obtain rights of way for such contemplated road had an interview with respondent, at which the latter agreed that the railroad company might go on and build the road over his land, provided that it would put a good depot on it, at which all regular passenger-trains would stop; and that when that was done he would make a deed conveying the right of way. The result of the interview was reported to the company, and soon thereafter it began to build the road over the land, and, having completed it, it ran its trains over the same. There was no written contract in the premises, but the railroad company entered upon the land by respondent's permission, and not adversely, and it continued to operate the road after the same was built, but did not construct the depot or stop its trains as agreed. It made no demand for a deed for the right of way, nor did the respondent make a demand for the construction of the depot or the stopping of trains. The court below found and adjudged that the plaintiff had not any right or title to the land in question, and that defendant's title to the same be quieted against the claim of the plaintiff, and that he recover from plaintiff the possession of said land and premises in question, and that a writ of possession in his favor be issued, directing the sheriff to place said defendant in possession of the said premises.

The appeal was taken from the judgment, as well as from the order denying plaintiff's motion for a new trial, but not having been taken from the judgment within the statutory time, the only matter before this court which can be considered is the appeal from the order denying plaintiff's motion for a new trial. The appellant, among other points in his motion for a new trial and upon the appeal from the order denying the same, contends that finding 8—to wit,

"That the plaintiff has not any right to, or estate in, the said railroad property, and its possession thereof is without right, and is wrongful"—is not supported by the evidence. We think this contention on the part of appellant is well taken.

The evidence in the case fully discloses the fact that the railroad company, the predecessor of the plaintiff, and the plaintiff itself, entered upon the possession of the land in question by the consent of respondent (defendant) and constructed and had operated its railroad for a period of nine years or more before the commencement of the action with the knowledge and acquiescence of the defendant, and that during such time he had not requested or demanded that the said railroad company should establish or maintain a depot upon the said land in controversy or stop its trains thereat.

The defendant, the owner of the land,—as he had a right to do,—waived compensation in advance for taking, occupying, and using the land in question, and having permitted the railroad company to enter upon the land, construct and operate its railroad, as the evidence shows it has, the railroad company was lawfully in possession of the land, and the defendant cannot recover the same. He must resort to his action for the value of the land so taken, and damages, if any, arising therefrom.

Since this appeal was taken this court has had occasion to pass directly upon the point here involved. (*Fresno St. R. R. Co.* v. *Southern Pacific R. R. Co.,* 135 Cal. 202.) That was an action of ejectment brought to recover a portion of the right of way claimed by the plaintiff and occupied and used by the defendant for railroad purposes, and it appeared that the strip of land in question was entered upon by the railroad company, defendant, and its predecessor in interest, under certain agreements and stipulations to be thereafter performed, and which were never performed; hence the action to recover possession of the premises in question upon a breach of the contract or agreement under which the railroad company entered upon the same. This court in that case held: "The owner in fee even cannot permit a railroad company to construct and operate its road through his land upon an understanding that compensation shall thereafter be made for the right of way, and then maintain ejectment if the damages be not paid as per agreement. His remedy in such

case is an action to recover compensation. . . . A failure to bring an action where the right exists, until after public interests have intervened will prevent its successful prosecution. Acquiescence for a considerable period after the railroad company has entered upon its duties will defeat the action to recover possession.''

A large number of cases were cited by this court in the case referred to, among them the following: *Mitchell* v. *New Orleans etc. R. R. Co.,* 41 La. Ann. 363, in which the court there says: ''Surely the defendant's act, in openly entering upon plaintiff's land, with plaintiff's knowledge, and in full view of his domicile, and constructing thereon a most important link in their transcontinental railway, could not subject it to such consequences. But this is not an open question, however, as it has been by us twice considered and decided adversely to plaintiff's contention, and in cases cited in plaintiff's brief.'' (Citing *Bourdier* v. *Morgan's etc. R. R. Co.,* 35 La. Ann. 949, and *St. Julian* v. *Morgan R. R. Co.,* 35 La. Ann. 924.) In those cases the matter was fully considered, and in the former case it is said: ''If the entry was unlawful, the plaintiffs condoned it. They should, at once, and peremptorily, have forbidden the entry of the defendant, if they intended to dispute his right to the roadbed, etc. . . . The land-owner may even by parol waive the right to prepayment as a condition precedent to the entry for construction, but having waived it, he cannot treat the company's possession as unlawful.'' To the same effect was *Indiana etc. R. R. Co.* v. *Allen,* 113 Ind. 581; *Cairo and Fulton R. R. Co.* v. *Turner,* 31 Ark. 494;[1] and *Pryzbylowicz* v. *Missouri River R. R. Co.,* 17 Fed. 492. A railroad is, in a sense, a public highway, and the construction of a railroad over a strip of land by the consent of the owner of the same, or after condemnation proceedings, as the case may be, is a dedication of the same to a public use, and the operation of the same is in the interest of the public, and cannot be interrupted by an action to recover possession of any part thereof in the interest of a private party.

The appeal from the judgment not being before us, we cannot order the same to be modified in the particular mentioned. Further, the cross-complaint should be amended by asking

---

[1] 25 Am. Rep. 564.

compensation for the land taken and damages caused thereby, in case the plaintiff fails to perform the conditions under which possession was taken, instead of a recovery of the possession thereof. The only way left to correct the error, therefore, is to reverse the order denying a new trial and remand the cause, with directions to the court below to grant a new trial, and allow the parties to amend their pleadings so as to conform to the rule herein expressed, and it is so ordered.

Beatty, C. J., and Lorigan, J., concurred.

ANGELLOTTI, J., concurring.—I concur in the reversal of the order denying the motion for a new trial. Under the decision of this court in *Fresno St. R. R. Co.* v. *Southern Pacific R. R. Co.,* 135 Cal. 202, the evidence did not justify the finding, ''That the plaintiff has not any right to, or interest or estate in, the said real property, and its possession thereof is without right and is wrongful.''

McFarland, J., dissented.