[S. F. No. 2758. In Bank.—May 12, 1904.]

## CRESCENT CANAL COMPANY, Appellant, v. L. Y. MONTGOMERY et al., Respondents.

CANAL COMPANY—COMPLETION OF CANAL OVER LANDS OF STOCKHOLDERS —TACIT CONSENT—ABATEMENT OF CANAL—ESTOPPEL—INJUNCTION. —Where a canal company completed .its canal across lands of stockholders with their knowledge and tacit consent, they are estopped to abate, destroy, or injure the canal on the ground that compensation was not first paid for the right of way; and their successors, who took with knowledge of the completion and operation of the canal, and who received shares of stock therein, have no more right than the original stockholders to abate or remove the canal as a nuisance, and may be enjoined from doing so.

ID.—DISTRIBUTION OF WATER—PUBLIC USE—AGENCY FOR STATE—PRESUMPTION—ESTABLISHMENT OF CANAL UPON FARMS—UNLAWFUL ACTION.—A canal company engaged in the distribution of water for irrigation and domestic uses is an agent of the state in the administration of a public use. It is to be presumed that a· farming community dependent on the continuous operation of the canal has become established upon the lands which it covers. Stockholders

therein, and their successors, whose lands have been crossed by the completed canal without objection, while they may have the right to demand compensation for any damage to their lands caused therefrom, act unlawfully in attempting to injure or destroy the canal.

APPEAL from an order of the Superior Court of Fresno County denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Frank H. Short, for Appellant.

The appellant was engaged in a public use. (Const. 1879, art. I, sec. 14; *McCrary* v. *Beaudry,* 67 Cal. 120; *People* v. *Stephens,* 62 Cal. 209; *City of Fresno* v. *Fresno Canal etc. Co.,* 98 Cal. 179; Civ. Code, secs. 552, 1410 et seq.; *Price* v. *Riverside L. and I. Co.,* 56 Cal. 432; *Merrill* v. *Southside Irrigation Dist.,* 112 Cal. 426.) Acquiescence in the construction of the canal for a public use precludes any preventive remedy. (*Mitchell* v. *New Orleans etc. R. R. Co.,* 41 La. Ann. 363; *Bourdier* v. *Morgans etc. R. R. Co.,* 35 La. Ann. 347; *Indiana etc. Ry. Co.* v. *Allen,* 113 Ind. 581; *Cairo etc. R. R. Co.* v. *Turner,* 31 Ark. 494;[1] *Pryzbylowicz* v. *Missouri River R. R. Co.,* 17 Fed. 492; *Northern Pacific R. R. Co.* v. *Smith,* 171 U. S. 260.) "Acquiescence" imports a tacit consent which is as binding as an express agreement. (*Scott* v. *Jackson,* 89 Cal. 258.)

E. D. Edwards, and W. C. Graves, for Respondents.

Certainty is essential to an estoppel. (Bigelow on Estoppel, 5th ed., p. 578; 2 Herman on Estoppel, sec. 960; *Wood* v. *Blaney,* 107 Cal. 295; *Holdane* v. *Trustees, etc.,* 21 N. Y. 474.) The decision on the former appeal (124 Cal. 134, 136) is the law of the case. (*Gould* v. *Adams,* 108 Cal. 365, 368.)

BEATTY, C. J.—The plaintiff is a corporation organized and existing under the laws of the state of California for the purpose of diverting water from Kings River by means of a canal and conveying it to the owners of adjacent lands for irrigation, domestic uses, etc. The main canal, which is a large one, carrying two hundred and fifty cubic feet of water

[1] 25 Am. Rep. 564.

per second, was constructed prior to the year 1887, and, as first laid out, headed in the river at a point on section 5 of a certain township. In 1887 Poyser and Johns were owners of about four hundred and eighty acres in the adjoining section 4 of the same township, and were also owners of about five hundred acres more on the line of the canal and irrigable therefrom. They were at the same time stockholders of the plaintiff, and seem to have held a share of the stock fully proportioned to the acreage of their lands, the evidence being to the effect that a share of stock represented the right to water for the irrigation of three hundred and twenty acres. While they were the owners of said lands and shares of stock the corporation decided to extend its canal through their four-hundred-and-eighty-acre tract in section 4 to a higher point of diversion on the river; and this seems to have been done for the purpose of insuring a supply of water necessary for the uses of the company. Without obtaining any conveyance of a right of way for its canal, and, according to the evidence of Poyser and Johns, without even asking their oral consent, the work was pushed forward to completion by the company between September, 1887, and February, 1888, since which time the canal, except when broken by accident or design, has been operated by the plaintiff for the supply of the owners of a large body of agricultural land with water for irrigation and domestic purposes. The evidence shows without conflict that both Poyser and Johns were present on one or more occasions while the work of extending the canal through their land in section 4 was in progress, and before its completion, and that they never made any objection. They were at the time stockholders of the company, and as such interested in the improvement to the canal, and afterwards, when they sold their lands irrigable therefrom, they transferred to their vendees certain of their shares of the corporation stock as part of the same transaction. There is evidence to the effect that before the extension of the canal was undertaken the consent of Poyser was asked and expressly given with the assurance that it was all right, and that there would be no difficulty about obtaining the right of way over the land, but this being denied by him we lay it out for consideration. It is at least certain beyond dispute that both Poyser and Johns knew of the extension while it was being made;

that they were interested in the improvement, both as stock-holders of the corporation and as owners of land under the canal and dependent upon it for water; that they made no objection to the extension while it was being made or ever afterwards, but did in selling their lands irrigable from the improved canal transfer to their vendees shares of their stock with their incidental water-right.

In December, 1889, and nearly two years after the completion of the extension, they sold their land in section 4 to the Montgomerys (the original and present nominal defendants), who, two years later,—in December, 1891,—entered upon the canal with men and teams and scrapers and commenced leveling its embankments. This action was then commenced to enjoin the destruction of the canal and for damages. The defendants, in addition to their answer, filed a cross-bill alleging the unlawful entry of the plaintiff upon their lands, and praying the abatement and removal of the canal as a nuisance.

In this condition the action slumbered until 1896. In the mean time the Montgomerys reconveyed the lands to Johns in satisfaction of a purchase-money mortgage, and he conveyed a small parcel of forty acres (October, 1896) to J. G. James. As to all the rest of the tract, the plaintiff has acquired the land or rights of way, but James, as the owner of forty acres embracing a portion of the extension, continues the defense of the action and the prosecution of an amended cross-complaint in the name of the original defendants.

In May, 1897, after the Montgomerys had ceased to be owners of any interest in the land, a judgment was entered in this action, on their stipulation, in favor of the plaintiff. James moved to set aside this judgment, and, his motion being denied, appealed to this court, where the order was reversed. (*Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134.) The cause was then tried, and upon findings of the superior court judgment was entered in favor of James for his costs.

The plaintiff appeals from an order denying its motion for a new trial, and in support of its appeal contends that several of the material findings of the court are in conflict with the evidence.

The court, amongst other things, finds that Poyser and Johns never consented to the extension of the canal. The evidence of Poyser and Johns sustains this finding so far as

an express consent is concerned, but a tacit consent evidenced by conduct quite as significant as any express words could possibly be is proved by evidence which is not only uncontradicted, but is expressly admitted by Poyser and Johns to be true. It is confirmed, also, by the circumstances and situation of the parties. There can be no doubt that Poyser and Johns knew that the work was being done before it was completed and the point of diversion changed, and there is as little doubt that they gave it their tacit approval and profited by it. The court also found that the defendants entered upon the canal and commenced destroying it, but not wrongfully or without right. This is one of the findings of fact upon an issue made by the pleadings, and is contrary to the evidence, if, as matter of law, the injury to the canal was wrongful and unlawful. We think it very clear that the acts of defendants were both wrongful and unlawful. Even if no interest was involved except that of the parties to the action, we think the facts stated were sufficient to estop Poyser and Johns and their grantees from the assertion of any right to destroy or injure the canal; but the case involves another consideration. The plaintiff is the agent of the state in the administration of a public use (Const., art. XIV, sec 1), and is within the protection of the principle of the decision, and of the authorities cited in *Fresno St. Ry. Co.* v. *Southern Pacific R. R. Co.*, 135 Cal. 202; and of *Southern California Ry. Co.* v. *Slauson,* 138 Cal. 342.[1] It is to be presumed that a farming community dependent for a vital necessity upon the continuous operation of this canal has become established upon the lands which it covers. The establishment of such a community with the improvements and expenditures necessarily involved was one of the results of the acquiescence of Poyser and Johns in the extension and increased efficiency of the canal. They may have had a right to demand and receive a reasonable compensation for any damage to their lands caused by such extension. But they had no right to abate the canal by action, and no right to injure or destroy it. The Montgomerys purchased the land after the canal was completed and in operation. This was notice to them of the rights of plaintiff as against their vendors, and they took subject to those rights. If Poyser and

---

[1] 94 Am. St. Rep. 58.

Johns had no right to demand a removal of the canal, and no right to injure it, still less had their vendees, the original defendants, and James is certainly in no better case than they were.

The order of the superior court is reversed.

Shaw, J., Van Dyke, J., Henshaw, J., Angellotti, J., Lorigan, J., and McFarland, J., concurred.