[Civ. No. 1772.   Second Appellate District.—December 24, 1915.]

IMPERIAL WATER COMPANY No. 1 (a Corporation), Appellant and Respondent, v. LUCY WORES et al., Respondents and Appellants.

Irrigation Corporation—Construction of Waste Canal—Location—Implied Consent.—Where a corporation organized for the purposes of securing water for irrigation and distributing the same among its stockholders is requested by the owner of a tract of land adjoining the territory watered by the irrigation system to construct a waste canal along the southerly line of such tract, for the purpose of preventing the flooding of the same from waste waters, and the corporation in complying with the request constructs the canal diagonally across such tract instead of in the place requested, and the owner makes objection thereto prior to completion of the construction, but thereafter notifies the corporation that she intends to make use of the canal for the purpose of irrigating her own land, such notification constitutes an implied consent to such construction, and the completion by the corporation likewise constitutes a consent to such user by the owner.

---

*On February 17, 1916, this case was by order of the supreme court transferred to the supreme court for further hearing.

ID.—ACTION TO QUIET TITLE—INJUNCTION—COSTS.—In an action by the corporation to quiet its title or right to the use of the waste canal across the land of such owner, and to enjoin the latter from maintaining any obstruction which will in any manner interfere with the free ingress or egress of the plaintiff for the purpose of cleaning, repairing, or inspecting such canal, and from obstructing in any way the flow of water therein, the plaintiff is entitled to its costs, notwithstanding the suit is in equity and includes the right to an injunction.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

F. P. Willard, for Plaintiff.

Conkling & Brown, for Defendants.

CONREY, P. J.—At all times mentioned in the complaint the plaintiff was a corporation organized for the purposes of securing water for irrigation and other purposes and for distribution of the same at cost, among its stockholders only, for use upon lands owned by them within certain described limits in the county of Imperial, and has been engaged in distributing upon said lands a large amount of water which it receives at the southerly boundary of its territory and distributes through a system of canals and ditches. The defendant Lucy Wores, in the year 1905 or prior thereto, became the owner of a tract of land, known as Tract No. 74, situated immediately north of the territory watered by the plaintiff's irrigation system. The canal system of plaintiff extends in a northerly direction through its territory, and the canals converge in the northerly part of this territory and discharge their surplus and waste water into a canal designated as the Rose Waste-way. Prior to the year 1906, there was a well-defined watercourse known as the Salton River, later called the Alamo River, which ran across a portion of Tract 74, but in a more northerly direction than that taken by the present Rose waste canal. This watercourse carried the overflow water from the Colorado River whenever any was discharged, and also carried the rain-water which fell, when any such rain-water did fall, over a considerable part of the territory covered by the water system of the plaintiff. Such rainfall

and overflow water was thus carried over and through Tract 74 to lower lands lying farther to the north. Since March 1, 1904, plaintiff has continuously conveyed and discharged waste water from its canal system across and beyond said Tract 74.

At all times mentioned in the complaint the defendant Charles R. Wores was the agent or representative of the defendant Lucy Wores in the transactions referred to herein. In the years 1905 and 1906 the defendants complained to plaintiff of the discharge and flow of waste and excess water going through plaintiff's Rose canal from the south, and complained that the water was flooding Tract 74, and requested the plaintiff to construct a ditch or canal from the said Rose Waste-way south of Tract 74 in such a way as to prevent the flooding of Tract 74, and requested that such canal be constructed along the south line of Tract 74 from the southwest corner of that tract easterly past its southeast corner to a deep gulch known as the Alamo Cut-off. In April, 1906, after making surveys, the plaintiff concluded to build such waste canal, not along the south side of Tract 74, but upon a diagonal line running through that tract northeasterly. Thereupon it proceeded to construct the canal upon such diagonal line and completed the work in December, 1906. The defendants were without knowledge of the selection of this diagonal route, or that plaintiff intended constructing the canal through the tract, until the same was partially constructed. They gave no prior consent thereto other than their request for the construction of a canal along the south line of their tract, as before stated. In April, 1906, at a time after the commencement of the construction of this canal or ditch, the defendants learned of the work that was going on and protested to plaintiff and objected to the place where the canal was being constructed. Shortly thereafter the defendant Lucy Wores notified plaintiff that she intended to make use of this canal herself for the purposes of conducting waste water over and irrigating her land. The canal having been completed, plaintiff began to use it as a wasteway for its surplus water and ever since has so continued without interruption, except as will be herein stated. In January, 1908, defendants placed an obstruction consisting of a check and gate so arranged that they could dam up the water flowing in this waste ditch and divert the water there-

from so as to irrigate a portion of Tract 74. In January, 1909, defendants commenced to irrigate and cultivate this land and have ever since continued so to do, and have irrigated such land by checking up the water in the waste canal and diverting the water therefrom, thereby causing the banks of the Rose Waste-way to overflow and discharge water upon the roads, fields, and crops of those adjoining that canal, to the annoyance and detriment of the plaintiff and its stockholders. The plaintiff and its officers and directors have at all times known that the defendants have obstructed this waste canal and used the water therefrom for irrigation, and until shortly prior to the commencement of this action never made any objection thereto. The action was commenced by filing of the complaint herein on June 26, 1912. About one year prior thereto plaintiff removed the check theretofore placed in the canal by the defendants, in order that plaintiff might clean out the canal, but immediately thereafter plaintiff replaced said check by a similar structure more substantial than that theretofore placed in the canal by the defendants. This replacement was made by the plaintiff for the convenience of the defendant Lucy Wores and in order that she might continue to irrigate her said land. The Rose Waste-way is a necessity to the canal system of the plaintiff, and it is impracticable to operate and maintain plaintiff's system without such waste-way or some available substitute therefor. Shortly before the twentieth day of June, 1912, the plaintiff entered upon said canal and tore out the check and gate which it had constructed as above stated and destroyed the same. Two days later the defendants re-entered upon the canal and by the erection of a barbed-wire fence excluded and ejected the plaintiff therefrom and placed a temporary check in the canal (near the place from which the former check had been removed) for the purpose of enabling them to divert water from the waste canal for irrigation, as they had been accustomed to do.

The plaintiff by this action seeks a decree quieting its title or right to the use of said waste-way across the land of the defendants, and enjoining the defendants from maintaining any obstruction which will in any manner interfere with the free ingress and egress of the plaintiff or its employees for the purpose of cleaning, repairing, or inspecting the waste-way, and further enjoining the defendants from obstructing in

any way or for any purpose the flow of water therein.    Upon sufficient evidence the court found the facts to be as we have stated them, and likewise found "that since the construction of said waste-way across the said Tract 74, the defendant Lucy Wores has consented to the maintenance thereof subject to her right to use the same for irrigation in the manner in which she has used the same as aforesaid, and has not consented otherwise."

In accordance with its conclusions of law following the findings of fact, judgment was rendered to the effect that "upon the restoration and reconstruction by plaintiff of the check torn out and destroyed about the 1st of June, 1912, and in substantially the same condition, location, and position as the same existed at the time the same was removed therefrom and destroyed by plaintiff, and not otherwise, plaintiff is entitled to use the waste canal described in the complaint, across the lands of defendant Lucy Wores, and to discharge its surplus waters therethrough in the same manner that it has been accustomed to discharge the same, subject always to the right of the defendant Lucy Wores to obstruct and divert such waste water by means of said check or irrigating so much of said Tract 74 as she has been accustomed to irrigate previous to the said June 26, 1912, and no more.    It is ordered and adjudged that in diverting the said waste water defendant shall not check said water to any higher level than that to which she checked the same prior to June 26, 1912.    It is further ordered that any check placed in the said waste-way by plaintiff shall be so constructed as to permit all water in excess of that being diverted by defendant to flow down the said waste-way without interference, and that when not in use such check and obstruction shall be so removed as to permit the free flow of water and the scouring of the channel of said waste-way above said check of all deposits of silt.    It is ordered and adjudged that plaintiff is entitled to convenient ingress and egress from the said canal for the purpose of cleaning and caring for the same, and that such right extends over the strip of ground eighty feet in width; that is to say, forty feet on each side of the center line of said canal.    It is further adjudged and decreed that the defendant Lucy Wores is entitled to enter upon the said strip of land at all times for the purpose of maintaining, repairing, and caring for the said check in the said canal so used by her for the purpose of

29 Cal. App.—17

diverting water therefrom for the irrigation purposes aforesaid, and for the purposes of making such diversion of water. It is further ordered and decreed that defendant Lucy Wores recover her costs therein taxed at $——.'' The plaintiff appeals from certain specified portions of this judgment, including in the appeal substantially all of it except the sentence defining plaintiff's right of way and its right of access thereto. The defendants appeal generally from the judgment. The record consists of the judgment-roll and the notices of appeal.

The plaintiff claims that it is entitled to this waste-way because at considerable expense it was constructed under a parol license and under circumstances which should now estop the defendants from destroying its efficiency. We have no doubt that a right of way may be thus obtained by virtue of an executed parol license. The circumstances being sufficient to create an estoppel, "the license becomes in all essentials an easement." (*Crescent Canal Co.* v. *Montgomery,* 143 Cal. 248, [65 L. R. A. 940, 76 Pac. 1032] ; *Stoner* v. *Zucker,* 148 Cal. 516, [113 Am. St. Rep. 301, 7 Ann. Cas. 704, 83 Pac. 808].) The request made by the defendants that the plaintiff construct a waste ditch along the south side of their land was not a consent to the construction of such a ditch diagonally through such land. Knowledge by the owner that the work was being done without her permission was promptly followed by a protest from her, and this of course indicates that she did not consent thereto and was giving no license therefor. Following this, however, she informed the plaintiff that she intended to make use of the ditch for the purpose of irrigating her land by using thereon some of the waste water flowing through the ditch. This constituted by implication a consent that the plaintiff might build the ditch. On the other hand, if, without any other or different consent of the owner (and such seems to be the fact), the plaintiff completed the construction of its ditch, it may reasonably be inferred that the plaintiff intended thereby to consent to such use of the ditch by the defendants. That this was the understanding on the part of the plaintiff is evidenced by the fact that subsequently, when it found that a check and gate had been arranged in the ditch for irrigation purposes by the defendants, and when it became necessary for plaintiff temporarily to remove this obstruction in the course of repairs to the

ditch, it immediately thereafter replaced the check by a similar and more substantial structure, and so placed the same for the convenience of the defendants in order that they might continue to irrigate their land. Under these circumstances, when the plaintiff on or about the 1st of June, 1912, destroyed the gate theretofore established by it, this was a wrongful denial of a limitation under which its continuing right to maintain the ditch exists. Plaintiff's counsel contends that the facts found do not authorize a judgment requiring the plaintiff to restore and reconstruct the check torn out by it from the ditch. The judgment does not require the plaintiff to do anything; it merely imposes upon it the condition that it must do a certain thing as a necessary incident to the enforcement of a certain right. It is required to do equity in a matter incidental to its right to have affirmative relief in equity. Having complied with that condition, it is permitted to discharge its surplus water through the ditch in the same manner that it has been accustomed to discharge the same, and suitable provision is made for the free flow of the water, subject only to the temporary checking of that flow during times of irrigation of the land of the defendants by the use of such waste water.

It should be distinctly understood that this case does not attempt to settle or determine any right or claim of the defendants to have any water continue to flow through the Rose canal or ditch or across said Tract 74. We are dealing solely with the ditch or canal itself and the right of the defendants to a certain limited use of the ditch for the diversion of water therefrom whenever such water is by the plaintiff permitted to flow therein.

Plaintiff objects to the provision in the decree that the defendant Lucy Wores recover costs, and insists that the costs should be allowed in favor of the plaintiff. We are referred to Code of Civil Procedure, section 1022, subdivision 5, which provides that costs are allowed of course to the plaintiff upon a judgment in his favor in an action which involves the title or possession of real estate. Although the suit is in equity and includes the right to an injunction, it is primarily an action to quiet title to a right in real property. It has been held that where the plaintiff has any judgment in his favor in an action to quiet title, though it be for only a part of the property, the costs should be in favor of the plaintiff.

(*Sierra Union etc. Co.* v. *Wolff*, 144 Cal. 430, [77 Pac. 1038].)
And there seems no doubt that the right claimed by the plaintiff herein is a right to real property. (*Lower Kings R. W. D. Co.* v. *Kings R. & Fresno C. Co.*, 60 Cal. 408.) It is true that a mere license revocable in its nature would not amount to an interest or estate in the land. (*Emerson* v. *Bergin*, 76 Cal. 197, 201, [18 Pac. 264].) But where the right, although originating in a license, exists for the benefit of the licensee's land and has become irrevocable, its character becomes that of an easement which is an interest in real property within the meaning of the code section above mentioned. (*Schmidt* v. *Klotz*, 130 Cal. 223, [62 Pac. 470]; *Stoner* v. *Zucker*, 148 Cal. 516, [113 Am. St. Rep. 301, 7 Ann. Cas. 704, 83 Pac. 808].)

Concerning the plaintiff's claim that the defendants had not maintained a check in the canal and had not used the ditch for a period of five years, and therefore that the defendants had not acquired any prescriptive right therein, a sufficient answer is that the right of the defendants, so far as recognized by the judgment herein, is not based upon adverse use, but solely upon the condition inhering in the plaintiff's right of way as we have construed it in this opinion.

The judgment is modified by striking therefrom the provision contained therein allowing costs to the defendant Lucy Wores, and the court below is directed to further amend the judgment by allowing costs to the plaintiff. As so amended, the judgment shall stand affirmed.

James, J., and Shaw, J., concurred.