[Sac. No. 4848. In Bank.—August 26, 1935.]

THOMAS WILLIAMS et al., Appellants, v. MERCED IRRIGATION DISTRICT, Respondent.

Louis T. Milburn and Preston & Braucht for Appellants.

H. K. Landram and C. Ray Robinson for Respondent.

WASTE, C. J.—The question presented by this appeal may be stated as presented by the respondent: ''Where a public agency has taken possession of real property, and devoted it to a public use, is an action by the landowner for compensation for the land so taken one based on contract and transitory, or one for injuries to real property and therefore local?'' The trial court held the action to be

transitory, and granted the motion of defendant for a change of place of trial from Mariposa County, wherein the land of plaintiffs is situated, to Merced County, the place of residence of the defendant irrigation district. The appeal is from that order.

The defendant is a duly formed and existing irrigation district under the laws of the state of California—a public corporation for municipal purposes with the right to take and distribute water for public use. (*In re Madera Irr. Dist.*, 92 Cal. 296 [28 Pac. 272, 27 Am. St. Rep. 106, 14 L. R. A. 755]; *Turlock Irr. Dist.* v. *White*, 186 Cal. 183 [198 Pac. 1060, 17 A. L. R. 72]; *Whiteman* v. *Anderson-Cottonwood Irr. Dist.*, 60 Cal. App. 234 [212 Pac. 706].) In the exercise of this right the district constructed a dam in the Merced River, thereby creating an artificial lake the water in which "backed up", flowed over, and covered a portion of the appellants' land. By this action, it is alleged in the complaint, the district has wrongfully and unlawfully trespassed upon the land, and greatly and permanently injured and damaged it, and is about to take the whole thereof "for an alleged public use without first making just compensation therefor . . . all to plaintiffs' injury and damage in the sum of $10,000.00". The prayer is for damages in that amount, and that, in the event the damages are not paid, the district be enjoined from asserting any right to possession of the land, and that plaintiffs have restitution thereof.

The respondent contends that it is not a trespasser on the land. From the allegations of the complaint it appears that entry on the land for the construction of the dam was made by the district under and with the consent and permission of Mary Williams, the owner of an undivided one-half interest in the real property and of a life estate in the other undivided one-half interest, and, at the time of the entry, in entire possession of all of the land. The undivided one-half interest in which she held a life estate was owned by and vested in the plaintiffs. Respondent contends that by such entry it was neither a trespasser nor a tort-feasor, in the absence of some act of negligence committed in the prosecution of the work of constructing the dam. (*Crescent Wharf & Warehouse Co.* v. *Los Angeles*, 207 Cal. 430, 435 [278 Pac. 1028].) In case of lawful entry, the fact that the right to compensation, as a condition precedent to the entry, was not demanded does

not deprive the owners of the land of their right thereto, but merely deprives them of their right to maintain ejectment against the district. (*Gurnsey* v. *Northern Calif. Power Co.*, 160 Cal. 699, 710 [117 Pac. 906, 36 L. R. A. (N. S.) 185]; *Crescent Canal Co.* v. *Montgomery et al.*, 143 Cal. 248 [76 Pac. 1032, 65 L. R. A. 940].) They may resort to their action for the value of the land so taken, and damages, if any, arising therefrom. · (*Southern Calif. Ry.* v. *Slauson*, 138 Cal. 342, 344 [71 Pac. 352, 94 Am. St. Rep. 58].) In other words, their remedy is an action to recover compensation. (*Fresno St. R. R. Co.* v. *Southern Pac. Co.*, 135 Cal. 202, 207 [67 Pac. 773].)

█ But in this case, the plaintiffs, as remaindermen, did not consent to the entry by respondent; and the backing up of the water, and the consequent flooding of plaintiffs' land, constitute a trespass and an injury to their real property. The remaindermen (plaintiffs) could not in any way be affected or defeated by any act of their mother, the life tenant, in consenting to entry on the land by the respondent. (*Pryor* v. *Winter*, 147 Cal. 554, 559 [82 Pac. 202, 109 Am. St. Rep. 162]; *Newport* v. *Hatton*, 195 Cal. 132, 144 [231 Pac. 987].)

█ They have brought this action for damages caused by reason of the trespass, or for an injunction, in the event such damages are not paid, and for restitution of the premises. Section 392 of the Code of Civil Procedure provides that an action for injury to real property must be tried in the county in which the property is situated. (*People* v. *Selby Smelting etc. Co.*, 163 Cal. 84 [124 Pac. 692, 1135, Ann. Cas. 1913E, 1267]; *McClatchy* v. *Laguna Lands Ltd.*, 32 Cal. App. 718 [164 Pac. 41].) █ Again, the only legal right of the district to take possession of land without consent of the owners is under its power of eminent domain, and whether an eminent domain action be a direct condemnation or, as in the instant case, results in an inverse condemnation, the action must be tried where the real property is situated. (Sec. 392, Code Civ. Proc.) Since this is so, the existence or nonexistence of a public use is a false quantity. This action is purely local, in our opinion, and the order of the trial court granting the motion of the defendant district for a change of place of trial from Mariposa to Merced County lacks legal support.

The case of *Gallup* v. *Sacramento, etc.*, 171 Cal. 71 [151 Pac. 1142], cited by respondent, is predicated upon the fact

that the public corporation and the land owner expressly agreed to the entry and taking for a public use. The matter, therefore, became simply a suit upon contract, as held in that case.

The order appealed from is reversed.

Curtis, J., Preston, J., Shenk, J., and Langdon, J., concurred.

Rehearing denied.