[Civ. No. 11865.   First Dist., Div. Two.   Feb. 2, 1942.]

FREDERICK L. WESTLAKE, Respondent, v. JOHN Q. SILVA et al., Appellants.

A. Q. Lomba and W. L. Albert for Appellants.

Paul A. Brom and John Paul Jones for Respondent.

DOOLING, J. pro tem.—This is an appeal from a judgment quieting plaintiff's title to a certain lot of land against defendants' claim of an easement for a right of way over a ten foot strip at the rear of said lot. The case was submitted upon an agreed statement of facts supplemented by certain evidence. At the time of the creation of the easement the lot here in question was a part of a much larger tract of land, which has since been subdivided, and the easement was created by the owner of this larger tract by the same deed which conveyed to defendants' and appellants' predecessor the land which they now own and to which they claim the easement is appurtenant.

The agreed statement of facts contains the following recitals:

"In 1927 certain lands now known as the 'East 14th Street Homesites' were subdivided and roads laid out, graded and dedicated to the use of the public. The defendants used these dedicated roads since that time for a portion of the way to their property. For the remainder of the way they

cut across certain lots, among said lots being the lot of land now owned by the plaintiff.

"On or about August 22nd, 1939, the plaintiff herein attempted to build on the lot owned by him and described in the complaint, but the defendants objected to such use and refused to permit the plaintiff to build.

"Subsequently and in settlement of any claims the defendants may have had for a right of way over the lot owned by the plaintiff, the defendants on September 15, 1939, made, executed and delivered to plaintiff a quitclaim deed to the property owned by the plaintiff. . . . In exchange for this quitclaim deed the defendants were deeded a lot in the tract and a road built thereon to enable them to have proper and uninterrupted way to the property."

In the face of these agreed facts, and in an apparent attempt to both eat their cake and have it, appellants claim that an easement appurtenant to a dominant tenement cannot be released or surrendered to the owner of the servient tenement by a quitclaim deed. The basis of this claim is not entirely clear from a reading of their brief, but on no conceivable ground is their position tenable.

A quitclaim deed transfers whatever present right or interest the grantor has in the property. (*Thornton* v. *Middletown Educational Corp.*, 21 Cal. App. (2d) 707, 709 [70 Pac. (2d) 234].) An easement is an incorporeal hereditament in the servient estate. (*Kripp* v. *Curtis,* 71 Cal. 62, 63 [11 Pac. 879]; *Zlozower* v. *Lindenbaum,* 100 Cal. App. 766, 771 [281 Pac. 102].) An easement appurtenant to land cannot be severed from the land and transferred separately so as to convert it into an easement in gross but it may be extinguished by a surrender or release to the owner of the servient estate. (28 C. J. S., p. 708; Tiffany, Real Property, (3d. ed.), vol. III, p. 383.)

A quitclaim deed, being a transfer and release to the grantee of whatever present title or interest the grantor has in the property quitclaimed, when made by the owner of an easement to the owner of the servient tenement operates as a release and extinguishment. (*Uihlein* v. *Matthews,* 172 N. Y. 154 [64 N. E. 792]; *Flaten* v. *City of Moorhead,* 58 Minn. 324 [59 N. W. 1044]; *La Plant* v. *Schuman,* 197 Iowa 466 [196 N. W. 280].)

The court briefly disposes of the question in *La Plant* v. *Schuman, supra,* at p. 284:

"The quitclaim deed was a method universally recognized as proper under the law to release any claim plaintiff had of an easement of a right of way over lot 11."

In view of the facts quoted from the agreed statement this was the effect that the quitclaim deed was intended to have in this case, and no reason appears not to give effect to the intention of the parties.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.