[Civ. No. 8141. Third Dist. Aug. 8, 1952.]

LEE J. ROTH et al., Appellants, v. EVERETT M. COTTRELL et al., Respondents.

Collis P. Mahan for Appellants.

Huber & Goodwin and Michael McHugh for Respondents.

VAN DYKE, J.—Plaintiffs appeal from a judgment entered after demurrers had been sustained to their fourth amended complaint. Apparently convinced that a cause of

action had been stated and that the special demurrers interposed were not well taken, their counsel, during the argument when the demurrers were heard, suggested to the trial court that if the demurrers were sustained again no leave to amend further should be granted. This suggestion was followed.

The complaint alleges that at all times material to the action appellants were the owners, and in possession, of certain described real property; that appurtenant to this real property was a right of way for road purposes; that this easement was over lands owned by respondents Cottrell who, along with the other defendants-respondents, used the roadway for logging purposes for a period of about one year before July 1, 1947. It was not alleged that this use was in and of itself any violation of appellants' easement rights except as it resulted in interference with the use by appellants of their right of way. The complaint further sets out that this use of the right of way by respondents ceased on July 1, 1947; that during the year respondents had altered the road along the right of way by constructing a dirt and gravel fill over a creek; that they maintained the fill in passable condition until June 1, 1947; that during that month the respondents so carelessly and negligently operated their trucks and logging equipment over the fill that it became soft, full of deep ruts and impassable for appellants' use; that as a consequence thereof appellants had been deprived of ingress to and egress from their real property to which the alleged easement was appurtenant, to their damage from loss of use of their real property, which use was alleged to have been of the reasonable value of $1,200 per year.

Respondents argue that appellants' allegations that the easement they claimed was appurtenant to their land was a conclusion and so to be ignored in testing the sufficiency of the complaint to state a cause of action. In this the respondents are in error, for allegations that a plaintiff "is the owner of a described right of way or other easement over defendant's land, and that such easement is appurtenant to plaintiff's land" should be regarded as a sufficient statement of the ultimate facts to be established. (*Corea* v. *Higuera,* 153 Cal. 451, 455 [95 P. 882, 17 L.R.A.N.S. 1018].)    Next, it is argued that there are no allegations that there are no other means of ingress to or egress from appellants' real property. But appellants are not relying upon wrongful exclusion from a way of necessity, but upon obstruction, and hindrance in the use, of an easement which gives access to their property. They

alleged that this obstruction prevented their use of their real property, an allegation of fact which, if proved, would support a claim of damages. Hence an allegation that there were no other means of ingress or egress was not necessary.

It is next argued that the complaint contains no allegations that the appellants had any right to drive cars or trucks upon the described right of way. No such allegations were necessary. It was sufficiently alleged that the easement was a right of way for use by automobile and truck and that the wrong complained of was the rendering of the way impassable.

It is equally immaterial that there are no allegations as to the precise use which plaintiffs made of their real property for those are probative matters and go only to the extent and measure of damages. There are other assignments of insufficiency, uncertainty and ambiguity in the demurrers not especially stressed in the briefs, all of which we have examined, and all of which we hold constituted no ground of objection to the pleading.

So far as the form and substance of the complaint, therefore, be concerned, we hold that although it is inartificial and is far from a model pleading, nevertheless it is sufficient to fulfill the function of a complaint, which is to present and define the issues, to form the foundation of, and to limit, the proof to be submitted; and to advise the court and the adverse party as to what is relied on as a cause of action. (71 C.J.S. "Pleading" pp. 17-18.)

Respondents further demurred upon the ground that the action was "barred by the provisions of the Statute of Limitations of the State of California." This, on demurrer, was a sufficient plea of the statute. (See *Bainbridge* v. *Stoner*, 16 Cal.2d 423, 430-431 [106 P.2d 423].) We think this plea cannot be sustained. The first complaint was filed within three years after the date which the complaint alleges marked the obstruction of the right of way which obstruction is the gravamen of appellants' action. When that occurred the cause of action arose. The case is governed by Code of Civil Procedure, section 338, subdivision 2, which applies to actions for injury to real property.

The word "injury" generally means in law invasion or violation of a legally protected interest or property right of another. (*Luellen* v. *City of Aberdeen*, 20 Wn.2d 594 [148 P.2d 849, 855], citing 21 Words and Phrases, Perm. Ed., p. 437; Ballentine Law Dictionary, pp. 650-652.) Such meaning of the word is also adopted in Restatement of the Law of

Torts, section 7, wherein the text reads: "The word 'injury' is used throughout the Restatement of this Subject to denote the invasion of any legally protected interest of another." It is alleged that plaintiffs, as appurtenant to their own real property, own an easement for road purposes over the adjoining land and that by the tortious acts complained of their right to the use of this easement was invaded, with consequential damage to them, for which they seek recovery. ■ An easement appurtenant to real property has been declared to be real property (*Correa* v. *Higuera, supra,* p. 454), and an interest in real property (*Imperial Water Co. No. 1* v. *Wores,* 29 Cal.App. 253, 260 [155 P. 124]). ■ It has been said that an easement may be a freehold or a chattel real according to its duration, but that it is in either case an interest in real property. (*Crowell* v. *City of Riverside,* 26 Cal.App.2d 566, 579 [80 P.2d 120].) ■ Such an easement has been referred to as an incorporeal hereditament in the servient estate. (*Westlake* v. *Silva,* 49 Cal.App.2d 476 [121 P.2d 872].) And in *Balestra* v. *Button,* 54 Cal.App.2d 192 [128 P.2d 816], it was held that the right to cross the land of another with poles and wires and to maintain a telephone line thereon was real property. ■ We think it clear that this case is governed by the three-year limitation set forth in Code of Civil Procedure, section 338, subdivision 2, and since the complaint was filed within three years of the alleged tortious invasion of the plaintiffs' rights the action was filed in time.

■ It is also contended by respondents in connection with the plea of the statute that the original complaint which was filed May 31, 1950, contained allegations of tortious invasion of plaintiffs' rights originating as early as 1946 and consisting of unauthorized changes in the location of the roadway and damage to the road in that year by heavy and unjustifiable use of the roadway for hauling logs. Respondents' argument is that but one cause of action was stated and that it must be considered as having arisen when the first violations occurred in 1946. Therefore, they say that when by the fourth amended complaint all reference to any violations which occurred prior to June 1, 1947, was eliminated and the cause of action based solely on violations occurring in that month the case is one subject to the rule expressed in *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358], that when a verified pleading contains an allegation which renders a complaint vulnerable the defect cannot be cured by omitting the allegation without

explanation in the later pleading. We think the rule has no application. The various invasions of plaintiffs' rights which were complained of constituted statements of a cause of action as to each invasion so far as recovery of damages be concerned, which is the purpose of this action. Being met by demurrer based upon the statute, and apparently realizing that the demurrer was good as to the earlier violations, the plaintiffs dropped these matters from the fourth amended complaint and confined their pleading to separate violations of their rights occurring within three years of the commencement of their action. This it was their right to do and the complaint as amended is not subject to the plea of the statute.

No further contentions in support of the judgment being urged, the judgment is reversed with instructions to the trial court to permit defendants to answer over to the merits.

Peek, J., and Schottky, J. pro tem., concurred.